ROBERTA L. STEELE, SBN 188198 (CA)
JOHN F. STANLEY, SBN 15418 (WA)
LINDA S. ORDONIO-DIXON, SBN 172830 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W, POB 36025
San Francisco, CA  94102
Telephone No. (415) 522-3070
Linda.Ordonio-Dixon@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　vs.<br><br>RALEY'S,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**Civil Rights –<br>Employment Discrimination**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

Plaintiff United States Equal Employment Opportunity Commission (EEOC) brings this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Charging Party Jennifer Webb.  The EEOC alleges that Defendant, Raley's, discriminated against its former employee, Jennifer Webb, by failing to provide her a reasonable accommodation for her religious practices and then terminating her employment because of her religion and in retaliation for her request that Defendant accommodate her religious practices.

## JURSIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in the United States District Court for the Eastern District of California, Sacramento Division, because the unlawful employment practices alleged below occurred in the City of Chico, County of Butte, California.

## PARTIES

4. Plaintiff EEOC is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Raley's has continuously been, and is now, a California corporation doing business in the State of California and in the City Chico, County of Butte.

6. At all relevant times, Defendant Raley's has continuously had and does now have at least fifteen (15) employees.

7. At all relevant times, Defendant Raley's has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the initiation of this lawsuit, Jennifer Webb filed a charge of discrimination with the EEOC alleging, *inter alia*, that Raley's discriminated against her in violation of the provisions of Title VII.

9. Defendant received notice and a copy of Ms. Webb's charge of discrimination.

10. On September 6, 2017, the EEOC issued a Letter of Determination finding reasonable cause to believe that Defendant violated the provisions of Title VII.

11. On September 7, 2017, EEOC wrote to invite Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The EEOC communicated with Defendant's counsel to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On September 21, 2017, the EEOC issued a Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### **STATEMENT OF CLAIMS**

**First Claim of Relief – Religious Discrimination**

16. Since at least November 26, 2014, Defendant has engaged in unlawful employment practices at its Chico, California facility in violation of section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to reasonably accommodate Ms. Webb's religious practices and then terminating her because of her religion.

17. Ms. Webb is a Jehovah's Witness. As part of her sincerely held religious beliefs and practices, she attends religious gatherings on Wednesday evenings and during the day on Sundays. Ms. Webb has attended these religious gatherings on a regular basis since 2007.

18. In May of 2014, Ms. Webb applied for a courtesy clerk position at Defendant's Notre Dame Blvd grocery store in Chico, California. In her application, Ms. Webb indicated that she was not available to work on Wednesdays after 5:00 p.m. and on Sundays before 4:00 p.m.

19. During her job interview with Defendant, Ms. Webb stated that she could not work on

Wednesday evenings and during the day on Sundays due to her religious practices. Ms. Webb was assured that this request for religious scheduling accommodations would be honored.

20. Ms. Webb was hired as a courtesy clerk on or about May 26, 2014 to work at Defendant's Notre Dame Blvd store in Chico, California.

21. Defendant scheduled Ms. Webb to work from 2:00 p.m. to 11:00 pm. on Wednesday, November 26, 2014. Prior to that date, Defendant had never scheduled Ms. Webb to work after 5:00 p.m. on a Wednesday.

22. When Ms. Webb discovered that she was scheduled to work the evening of Wednesday, November 26th, she immediately tried to contact the scheduler to advise of the problem. The scheduler was not available, so Ms. Webb left her a note reminding her that Ms. Webb should not have been scheduled for work Wednesday evenings after 5:00 p.m. due to her religious accommodation. Ms. Webb also left a voicemail message for her supervisor advising that her religious scheduling accommodation had not been honored and asking for her schedule to be changed.

23. On approximately November 24, 2014, a supervisor responded to Ms. Webb's messages. He told Ms. Webb that she would be disciplined if she did not work the Wednesday shift or if she left early. He stated that he was aware of Ms. Webb's prior religious accommodations but that because of the proximity of Thanksgiving, it "didn't matter" and she would have to work on Wednesday as scheduled.

24. Defendant made no attempts to reschedule Ms. Webb's Wednesday, November 26, 2014 shift or to determine whether another employee(s) could cover Ms. Webb's hours.

25. As of November 26, 2014, a total of sixteen courtesy clerks were employed at Raley's Notre Dame Blvd grocery store in Chico, California.

26. There were courtesy clerks who could have been asked to work all or part of Ms. Webb's

scheduled shift on November 26, 2014.

27. On Wednesday, November 26, 2014, Ms. Webb arrived at work at 2:00 p.m. and performed her regular duties. At approximately 5 p.m., Ms. Webb's immediate supervisor asked Ms. Webb whether she would work her complete shift. Ms. Webb replied that she could not stay because she had to attend her religious meeting.

28. Shortly afterward, another supervisor approached Ms. Webb and angrily asked her whether she would be working her full shift that night. When Ms. Webb replied that she could not stay because she had to attend a religious meeting, the supervisor terminated Ms. Webb.

29. Defendant made no effort to cover the remainder of Ms. Webb's shift on November 26, 2014. At least two courtesy clerks working that evening could have been asked to work extra hours to cover most of Ms. Webb's absence. At least eight courtesy clerks not working on November 26, 2014 could have been asked to come in to work the remainder of Ms. Webb's shift.

30. The effect of the practices complained of in paragraphs 16 to 29 has been to deprive Ms. Webb of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

31. The unlawful employment practices complained of in paragraphs 16 to 29 above were intentional.

32. The unlawful employment practices complained of in paragraphs 16 to 29 above were done with malice or reckless indifference to the federally protected rights of Ms. Webb.

**Second Claim of Relief – Retaliatory Discharge**

33. The EEOC hereby incorporates the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34. Since at least approximately November 26, 2014, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by

terminating Ms. Webb in unlawful retaliation for her requests for religious accommodation.

35. After discovering that she had been scheduled to work from 2:00 p.m. to 11:00 p.m. on Wednesday, November 26, 2014, in contravention of her religious scheduling accommodation, Ms. Webb reiterated her request for a religious accommodation and asked that her shift be rescheduled so that she could attend her religious meeting. Defendant refused this request and immediately terminated Ms. Webb in retaliation for engaging in this protected activity.

36. The effect of the actions complained of in paragraphs 33 to 35 above has been to deprive Ms. Webb of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in statutorily protected activities.

37. The unlawful employment practices complained of in paragraphs 33 to 35 were intentional.

38. The unlawful employment practices complained of in paragraphs 33 to 35 were done with malice or with reckless indifference to the federally protected rights of Jennifer Webb.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction prohibiting Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating on the basis of religion and retaliating against employees who have engaged in activities protected by Title VII based on a reasonable and good faith belief that the conduct opposed is, or could become, unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs which allow employees to engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Ms. Webb whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Ms. Webb whole, by providing compensation for past and future nonpecuniary losses resulting from the unlawful retaliation complained of above, including emotion pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

E. Order Defendant to pay Ms. Webb punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Dated: September 27, 2017    /s/ Roberta L. Steele
ROBERTA STEELE
Regional Attorney

Dated: September 27, 2017    /s/ John F. Stanley
JOHN STANLEY
Supervisory Trial Attorney

Dated: September 27, 2017    /s/ Linda Ordonio Dixon
LINDA ORDONIO DIXON, Senior Trial Attorney
Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. W., POB 36025
San Francisco, CA 94102

*Attorneys for Plaintiff*