ROBERTA L. STEELE, SBN 188198 (CA)
JOHN F. STANLEY, SBN 15418 (WA)
LINDA S. ORDONIO-DIXON, SBN 172830 (CA)
PETER F. LAURA, SBN 116426 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: (415) 522-3077
Fax: (415) 522-3425
Peter.Laura@eeoc.gov

*Attorneys for Plaintiff EEOC*

DELFINO MADDEN O'MALLEY COYLE & KOEWLER LLP
DANIEL J. COYLE (Bar No. 119274)
SHAYE SCHRICK (Bar No. 238354)
CAROLINE M. COLANGELO (Bar No. 278071)
500 Capitol Mall, Suite 1550
Sacramento, CA 95814
Telephone: (916) 661-5700
Facsimile: (916) 661-5701
dcoyle@delfinomadden.com
sschrick@delfinomadden.com
ccolangelo@delfinomadden.com

*Attorneys for Defendant RALEY'S*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>RALEY'S,<br><br>    Defendant. | Case No.: 2:17-CV-01995-JAM-EFB<br><br><br><br>**CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Charging Party Jennifer Webb. The EEOC alleged that Defendant discriminated against its former employee, Jennifer Webb, a practicing Jehovah's Witness, by failing to provide her a reasonable accommodation for her religious practices and then terminating her from her job as a Courtesy Clerk because of her religion and in retaliation for her request that Raley's accommodate her Wednesday evening religious observance. Defendant denies the allegations.

For purposes of settlement and compromise, Plaintiff EEOC and Defendant Raley's (the "Parties") have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a whole, and upon agreement of the Parties, that: (i) this Court has jurisdiction over the Parties to and the subject matter of this action; (ii) the purposes of Title VII will be furthered by the implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit between the Parties; and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I.  GENERAL INJUNCTIVE PROVISIONS

1.  Defendant and its officers, agents, employees, successors and assigns are enjoined from discriminating or retaliating against any applicant or employee, who makes Defendant aware of a need for religious accommodation, by failing to reasonably accommodate such request for religious accommodation and retaliating against such applicant or employee.

2.  Defendant and its officers, agents, employees, successors and assigns are enjoined from discriminating or retaliating against any employee or applicant because such employee or applicant has opposed any practices alleged in this lawsuit to be unlawful under Title VII, has participated in an investigation related to this lawsuit, has participated in this lawsuit, and/or has benefited in any way as a result of this Consent Decree.

**II.  RELIEF SPECIFIC TO JENNIFER WEBB**

3.  Defendant shall pay to Jennifer Webb in settlement of all claims alleged against it by the EEOC a total of One Hundred Forty Thousand Dollars ($140,000.00), such sum representing backpay and compensatory damages.  One check, representing backpay, shall be made payable to Ms. Webb in the amount of Twenty-Five Thousand Dollars ($25,000.00), less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.  Ms. Webb shall provide Defendant with an updated Form W-4 within five (5) days of the entry of this Decree.  A separate check, representing compensatory damages, shall be made payable to Ms. Webb in the amount of One Hundred Fifteen Thousand Dollars ($115,000.00) and shall be designated as "other income" on IRS Form 1099.  Ms. Webb shall provide Defendant with an updated Form W-9 within five (5) days of the entry of this Decree.  The checks payable to Jennifer Webb shall be delivered to her by means of certified mail, return receipt requested within fifteen (15) days of the entry of this Decree at the address provided by EEOC.  Defendant shall provide the EEOC with copies of the checks within fifteen (15) days of mailing them to Ms. Webb.

4.  Defendant shall provide Jennifer Webb within thirty (30) days of entry of this Decree a neutral letter of reference.  The letter shall be mailed directly to Ms. Webb at the address provided by the EEOC.  Defendant shall provide the EEOC with a copy of the reference letter within fifteen (15) days of mailing it to Ms. Webb.

5.  Defendant shall purge from all of its personnel records all references to Jennifer Webb's request for religious accommodation, her EEOC charge, the instant litigation, and any disciplinary action taken by Raley's against Ms. Webb during her employment.  Defendant shall amend its records to indicate that Ms. Webb voluntarily resigned from employment.  Defendant shall certify within thirty (30) days of entry to this Decree that these changes to its records regarding Ms. Webb have been made.

**III.  INJUNCTIVE RELIEF**

**A.  Non-Discrimination Policy**

6.  Within ninety (90) days of entry of this Consent Decree, Defendant shall develop and implement written policies and procedures as described below.  These policies and procedures shall

be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendant of any needed changes.

7. Defendant shall review and revise its written policy providing for religious accommodation and prohibiting retaliation for complaining about, requesting religious accommodation, reporting or otherwise opposing such discrimination. The revised policy also will make clear to supervisors that upon receiving a request for an accommodation of a sincerely held religious belief under the policy, Defendant shall consider the request and engage in an interactive process. Defendant's revised policy shall clarify that an employer has an obligation to provide reasonable accommodations.

8. Within one hundred and eighty (180) days of the entry of this Consent Decree, Defendant shall ensure that all District Managers, Store Managers, Assistant Store Managers and HR personnel for District 2 have reviewed the revised policy. District 2 consists of stores located in the Sacramento valley, and the Yreka, California store.

9. Within one hundred and twenty (120) days of the entry of this Consent Decree, Defendant shall post its revised employment policy on Defendant's intranet system, and incorporate the revised policy into the employee handbook.

10. Within one hundred and twenty (120) days of the entry of this Consent Decree, Raley's shall revise its application process so that all applicants for employment shall be informed of the complaint procedure described in Section III.B if denied an accommodation of any type.

**B. Complaint Procedures**

11. Defendant shall develop and implement within ninety (90) days of entry of this Decree complaint procedures for applicants and employees to ensure convenient access to points of contact and require a timely response by Raley's. The procedures shall: (a) identify multiple points of contact through which employees can lodge complaints of discrimination and retaliation regarding requests for accommodations for religious practices; (b) allow complaints also to be made to any supervisory or managerial employee within the employee's chain of command and/or employee's Human Resources Business Partner unless such person is the subject of the employee complaint, in which

case the employee may complain through the 24-hour response line; (c) allow complaints to be submitted verbally, without need of the submission of a written statement, and anonymously; and (d) state that the confidentiality of complainants will be maintained to the extent feasible. The procedures shall also include a statement encouraging employees to come forward with complaints of discrimination and reiterating the prohibition against retaliation. The complaint procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendant of any needed changes.

12.     Within one hundred and eighty (180) days of the entry of this Consent Decree, Defendant shall ensure that all District Managers, Store Managers, Assistant Store Managers and HR personnel for District 2 have reviewed the complaint procedures.

13.     Within one hundred and twenty (120) days of the entry of this Consent Decree, Defendant shall post the complaint procedures on Defendant's intranet system, and incorporate the complaint procedures into the employee handbook.

C.     **Investigation Procedures**

14.     Defendant shall develop and implement, within ninety (90) days of entry of this Decree, investigation procedures to ensure fair and competent investigations of complaints of discrimination. The procedures shall, at a minimum, include: (a) a requirement that Defendant will begin the investigation of a complaint no later than five (5) business days after the receipt of a complaint and complete it within thirty (30) business days unless additional time for completion is warranted due to witness unavailability or other exceptional circumstances; (b) a requirement that appropriate remedial action will be taken upon conclusion of the investigation; (c) a requirement that the finding and any corrective action be memorialized in a written report including the allegations of the complaint, an explanation of investigative findings, and a description of any corrective action taken; and (d) a requirement that the results of each investigation, including whether remedial or disciplinary action was taken, be communicated to the complainant within five (5) business days of the conclusion of the investigation. The investigation procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendant of any needed changes.

1  15.  Within one hundred and eighty (180) days of the entry of this Consent Decree,

2  Defendant shall ensure that all District Managers, Store Managers, Assistant Store Managers and HR

3  personnel have reviewed the investigation procedures.

4  16.  Defendant agrees that only in-house counsel or outside counsel will be responsible for

5  communicating with government agencies on responding to agency requests for information.

6  **D.  Training**

7  17.  Within six (6) months of entry of this Decree and again (18) eighteen months after

8  entry of this Decree, Defendant will conduct the mandatory trainings, described in paragraphs (a)-(c)

9  below, which shall be developed by a resource with expertise in anti-discrimination, including that

10  based on religion, and anti-retaliation matters.  The training sessions shall be computer based and

11  interactive.

12  (a)  Defendant shall provide training to all employees in District 2 to ensure that they

13  understand their rights under the anti-discrimination and anti-retaliation laws.  The

14  training shall include instruction on Raley's EEO policies and procedures and

15  include sample scenarios specifically related to religious discrimination and

16  retaliation for requesting a religious accommodation.  The training shall emphasize

17  Raley's prohibition against retaliation and identify the different avenues by which a

18  complaint may be submitted and include contact information for the EEOC.  This

19  training shall also be provided to all newly hired employees in District 2 as part of

20  new hire orientation.

21  (b)  Defendant shall provide training to all employees with supervisory and/or human

22  resources responsibilities in District 2 regarding their obligations not to

23  discriminate or retaliate, including based on religion, and their obligations to

24  provide reasonable accommodations to employees requesting a religious

25  accommodation.  This training shall also be provided to all newly hired or

26  promoted supervisors as part of their AB 1825 training.

27  (c)  No later than thirty (30) days prior to the beginning of the initial training

28  program described in paragraphs (a)-(b) above, Defendant will provide to the

EEOC a copy of the materials to be used. Within fourteen (14) days of receipt, the EEOC will advise Defendant of any objections and/or needed changes.

**IV.     POSTING OF REQUIRED NOTICES**

18.     Within sixty (60) days of the Court's entry of the Consent Decree, Defendant shall post at Chico store #249 the notice attached hereto as Exhibit A.  Such notice shall be posted on the employee bulletin board or other similar conspicuous location and shall remain throughout the term of the Decree

**V.     REPORTING AND MONITORING**

19.     Within six (6) months of the entry of the Consent Decree, Defendant shall certify to the EEOC that it is in compliance with the requirements of Sections II through IV.

20.     Within six (6) months of Entry of the Consent Decree and every six (6) months thereafter during the term of the Decree, Defendant shall submit a report to the EEOC. Such reports shall include for District 2:

(a)     a description of any employee or applicant request for religious accommodation during the foregoing six (6) months;

(b)     the name, address and telephone number of the requestor;

(c)     the job held by or applied for by the requestor;

(d)     the name and address of the store where the request was made;

(e)     a confirmation that the request was granted or, if the request was denied, the reason for the denial; and

(f)     a description of any changes in Defendants' policies or practices related to religious accommodation not governed by this Decree.

(g)     Defendant is not required to report ongoing requests for religious accommodation where it has previously provided the information in Paragraphs (a) through (f) above and a further report would include the same responsive information.

21.     A copy of all records, documents and other writings relevant to complaints of discrimination and retaliation and the complaint investigations, as described Section III.C, shall be maintained by Defendant during the period of the Consent Decree and will be made available to the

EEOC within ten (10) days following a written request from the EEOC to Defendant's counsel of record.

22. All persons attending mandatory EEO and anti-discrimination training pursuant to the Consent Decree shall acknowledge their attendance at the training by logging into their unique account with Defendant by which the date, and completion of the training is tracked. Defendant shall retain these records of training completion during the pendency of the Consent Decree. Defendant also shall provide these records of training completion within ten (10) days after completion of the initial and subsequent computer based training programs to the EEOC.

23. All reports and documents that must be provided to the EEOC under this Decree shall be submitted to the EEOC c/o Peter F. Laura at Peter.laura@eeoc.gov.

**V.    TERM AND EFFECT OF DECREE**

24. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in Ms. Webb's charge of discrimination, in the EEOC's administrative determination, and in the Complaint filed herein, including all claims by the Parties. By entering into this Consent Decree, the Parties do not intend to resolve any charges of discrimination other than the charge filed by Jennifer Webb that created the jurisdictional foundation for the Complaint filed in this case.

25. This Decree shall be binding upon the Parties, their successors and assigns. Defendant will provide prior written notice to any potential purchaser of Defendant's businesses, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Consent Decree.

26. This Decree shall be in force for a period of three (3) years. During that period of time, the Court shall retain jurisdiction of this case for purposes of enforcement of the Consent Decree. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and approved by the Parties, and any substantive change, modification or amendment of any provision of the Consent Decree shall also require approval of the Court.

27.     If the EEOC determines that Defendant has not complied with the terms of this Consent Decree, the EEOC shall provide written notice of the alleged breach to Defendant.  The EEOC will not petition the Court for enforcement of the Decree for at least twenty (20) days after notifying Defendant about the alleged breach.  The EEOC and Defendant will use the 20-day period to engage in good faith efforts to resolve the dispute.  If the Parties cannot resolve the dispute, the EEOC may petition the Court to enforce the Decree.

28.     If the EEOC petitions the Court for breach of the Consent Decree, and the Court finds upon a showing that Defendant has substantially failed to comply with a material term thereof after having been given notice of any such failure to comply, and a reasonable opportunity to correct any such non-compliance, the duration of the Decree may be extended by the Court.

Respectfully submitted,


Dated:  June 26, 2018              U.S. EQUAL EMPLOYMENT OPPORTUNITY
                                   COMMISSION


                                   By:_ /s/ Roberta L. Steele_____     (as authorized on 6/26/2018)
                                       ROBERTA L. STEELE
                                       Attorneys for Plaintiff EEOC

Dated:  June 26, 2018              DELFINO MADDEN O'MALLEY COYLE
                                   & KOEWLER LLP


                                   By:_ /s/ Daniel J. Coyle_____     (as authorized on 6/26/2018)
                                       DANIEL J. COYLE
                                       Attorney for Defendant

                                   **ORDER**

IT IS SO ORDERED.


Dated:   6/27/2018                 /s/ John A. Mendez_____
                                   HON. JOHN A. MENDEZ
                                   United States District Court Judge

## <u>NOTICE TO STORE 249 ALL EMPLOYEES</u>

Raley's Family of Fine Stores was sued by a federal agency called the Equal Employment Opportunity Commission or EEOC. The title of the lawsuit is: *EEOC v. Raley's*, Civil Action No. 2:17-CV-01995-JAM. The lawsuit was filed at the Sacramento Federal Courthouse. This notice is being posted by order of a judge to settle the lawsuit.

In the lawsuit, the EEOC claimed the following:

1.  Raley's failed to provide a religious accommodation to an employee, and terminated that employee because she requested time off to attend a religious observance.

2.  Raley's retaliated against an employee because the employee requested a religious accommodation.

In response to the EEOC's claims, Raley's denied the allegations of wrong doing.

The Parties' agreed-to Order requires Raley's to review and revise, if necessary, their policies and procedures for religious accommodation requests, and to prevent retaliation against employees that complain. Raley's will also train supervisors and managers in Store 249 to ensure appropriate conduct in the workplace.

If you have any questions or complaints of discrimination, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from sexual harassment, retaliation or unfair treatment because of religion. Talking to the EEOC is free and the agency has employees that speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website: www.eeoc.gov
Phone number: (800) 669-4000
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

An office of the EEOC is located at in the San Francisco Federal Building at:

450 Golden Gate Avenue, 5th
Floor San Francisco, CA 94102

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED**